IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:24-cv-291

DANNA GREGORY,                              )
                                            )
          Plaintiff,                        )
      v.                                    )        **COMPLAINT**
                                            )        **JURY TRIAL DEMANDED**
BAXTER HEALTHCARE CORPORATION,              )
                                            )
          Defendant.                        )

COMES NOW Plaintiff Danna Gregory ("Ms. Gregory"), complaining of Baxter Healthcare Corporation ("Defendant"), alleges and says the following:

1. This action arises from Defendant's firing Ms. Gregory because of her disability caused by an injury she suffered in a workers' compensation injury while employed by Defendant in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and North Carolina's Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-241 *et seq.* ("REDA")

## JURISDICTION

2. Ms. Gregory is a resident of McDowell County, North Carolina and is neither a minor nor incompetent.

3. At all times relevant to this Complaint, Ms. Gregory was an employee of Defendant as that term is defined and applied by the ADA and REDA.

4. Defendant is a corporation existing under the laws of the State of Delaware with offices and a registered agent in Wake County, North Carolina.

5. At all times relevant to this Complaint, Defendant was an employer of Defendant as that term is defined and applied by the ADA and REDA.

1

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises out of 42 U.S.C. §§ 12101 *et seq.* and 29 U.S.C. §§ 2601 *et seq.*

7. A substantial part of the unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

8. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of North Carolina.

9. Venue is proper pursuant to 28 U.S.C. § 1391 as to Defendant because Defendant conducts business in this judicial district. Venue is also proper because this district is where a substantial part of the events giving rise to the claims occurred.

## ADMINISTRATIVE HISTORY

10. Ms. Gregory has exhausted all administrative remedies available to her.

11. On or about March 7, 2024, Ms. Gregory filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the March 7, 2024 Charge of Discrimination is attached hereto as Exhibit A.

12. The EEOC issued – and Ms. Gregory received – a "Dismissal and Notice of Rights" on October 22, 2024 for Ms. Gregory's Charge of Discrimination. A copy of the October 22, 2024 Dismissal and Notice of Rights letter is attached hereto as Exhibit B.

13. On or about March 8, 2024, Ms. Gregory filed a charge with the North Carolina Department of Labor regarding alleged violations of REDA against Defendant.

14. The North Carolina Department of Labor issued – and Ms. Gregory received – a Right to Sue Letter on October 18, 2024.

15. This Complaint was timely filed within 90 days from the date Ms. Gregory received the Dismissal and Notice of Rights from the EEOC and the North Carolina Department of Labor.

## FACTS

16. Ms. Gregory was hired by Defendant on or about September 9, 2020 at its manufacturing site located in North Cove, North Carolina.

17. At the time she was fired, Ms. Gregory had been promoted to a Production Technician I.

18. On October 1, 2021, Ms. Gregory slipped and fell onto a concrete floor while she was performing duties in the course and scope of her employment with Defendant.

19. As a result of this fall, Ms. Gregory suffered a traumatic brain injury including a skull fracture.

20. After her injury, Defendant's management, including her immediate supervisor (Bobby Byrd), her on-site nurse (Jason Renfro), and human resources representative (Monica Condrey) repeatedly instructed Ms. Gregory not to file a workers' compensation claim or risk negative repercussions from the company.

21. On August 31, 2023, Ms. Gregory's treating physician declared that she was at maximum medical improvement from her fall and released her to return to work with a permanent part-time working restriction.

22. Ms. Gregory submitted these restrictions to Defendant on or about September 5, 2023.

23. On September 13, 2023, Ms. Gregory filed a Form 18 Notice of Accident to Employer with the North Carolina Industrial Commission regarding her October 1, 2021 workplace fall.

24. Within hours of that submission, Defendant's Human Resources informed Ms. Gregory that they could not accommodate this part-time restriction and fired her.

25. On that same day, Defendant had posted a Production Technician I position available for part-time employment.



26. The essential job duties for the Production Technician I position were as follows:

- Operate, monitor and make adjustments as necessary to manual and automated filling equipment and machines using controls on an electrical control panel (HMI) or by way of manual adjustments.

- Set-up load and replenish production supplies by use of a powered industrial truck (PIT) at a rate consistent with production needs.

- Perform minor routine and preventative maintenance such as alignment adjustments, replacement of machine parts or belts, cleaning and lubrication while supporting Total Productive Maintenance (TPM).

- Reconcile headcount needed on a per shift basis based on schedule production demands.

- Perform scheduled quality checks, disposition product, identify any deviations that may occur and take the appropriate action to include stopping production on the machine if necessary.
- Inspect finished product to ensure quality standards are being met.
- Execute Batch/Code changes, tank changes, as well as sub lots as required.
- Document required information on manufacturing logs and/or POMS system.
- Investigate, identify and correct or escalate any inefficiency in the machine's performance including mechanical wear, alignment, adjustment, and setup issues.
- Develop standard work for troubleshooting and setups/changeovers.
- Read blueprints and use tools to measure the product, ensuring the output meets specifications, making adjustments/repairs as needed.
- Perform and document scheduled cleaning activities.
- Assist in Quality Improvement or VIP programs if required.
- Work with Supervisor and Assistant Supervisor to coordinate training requirements for line staff.
- Train new associates on responsible processes.
- Ensure the proper use, care, and storage of tools and equipment.
- Notify the supervisor and take appropriate action if any safety, quality, mechanical or discrepancy issues occur.
- Learn, understand and apply rigorous quality standards, Standard Operating Procedures (SOPs) and Current Good Manufacturing Practices (cGMP); and
- Sustain a clean and safe work area using 6S principles including maintaining and securing provided tools.

27. Ms. Gregory could perform all of the essential job duties described above with the restrictions proposed by her treating physician.

28. Ms. Gregory's final work note, on Defendant's "Fitness for Duty Certification Form," stated that she could return to work so long as she was only to work up to 20 hours per week until released to work a full schedule.

29. The accommodations sought by Ms. Gregory were reasonable, especially in light of her exceptional performance for Defendant to date.

## FIRST CAUSE OF ACTION – DISABILITY DISCRIMINATION
### 42 U.S.C. §§ 12101 *et seq.*

30. Ms. Gregory hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

31. At all times relevant to this action, Ms. Gregory was a qualified individual with a disability.

32. Defendant fired Ms. Gregory on September 13, 2023 because of her disability.

33. Ms. Gregory was fulfilling all of Defendant's legitimate expectations at the time she was fired.

34. The circumstances of Ms. Gregory's firing raise a reasonable inference of unlawful discrimination.

35. As a direct and proximate result of Defendant's discriminatory conduct, Ms. Gregory suffered and continues to suffer economic and other nonpecuniary losses.

36. Defendant's actions were intentional, willful, and done in reckless disregard of Ms. Gregory's rights as protected by the ADA.

37. Accordingly, Ms. Gregory is entitled to recover punitive damages from Defendant.

38. Further, Ms. Gregory is entitled to recover her reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION – FAILURE TO ACCOMMODATE
### 42 U.S.C. §§ 12101 *et seq.*

39. Ms. Gregory hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

40. At all times relevant to this action, Ms. Gregory was a qualified individual with a disability.

41. Defendant had notice of Ms. Gregory's disability.

42. The accommodations recommended by Ms. Gregory's treating physicians were reasonable under the ADA.

43. Even with the recommended changes to Ms. Gregory's work, she could have still performed the essential functions of her position with Defendant.

44. Defendant refused to make such accommodations.

45. Defendant instead fired Ms. Gregory.

46. As a direct and proximate result of Defendant's discriminatory conduct, Ms. Gregory suffered and continues to suffer economic and other nonpecuniary losses.

47. Defendant's actions were intentional, willful, and done in reckless disregard of Ms. Gregory's rights as protected by the ADA.

48. Accordingly, Ms. Gregory is entitled to recover punitive damages from Defendant.

49. Further, Ms. Gregory is entitled to recover her reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION – RETALIATION
### 42 U.S.C. §§ 12101 *et seq.*

50. Ms. Gregory hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

51. The ADA prohibits retaliation against employees who engage in activities protected by the statute.

52. Ms. Gregory engaged in protected activity within the meaning of the ADA by requesting reasonable accommodations for her disability.

53. Ms. Gregory was punished and terminated from her position with Defendant in retaliation for her protected activity.

54. Defendant knew of Ms. Gregory's protected activity at the time of the retaliation.

55. As a direct and proximate result of Defendant's discriminatory conduct, Ms. Gregory suffered and continues to suffer economic and other nonpecuniary losses.

56. Defendant's actions were intentional, willful, and done in reckless disregard of Ms. Gregory's rights as protected by the ADA.

57. Accordingly, Ms. Gregory is entitled to recover punitive damages from Defendant.

58. Further, Ms. Gregory is entitled to recover her reasonable attorney's fees and costs.

### FOURTH CAUSE OF ACTION – NC REDA
### N.C. Gen. Stat. § 95-241

59. Ms. Gregory hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

60. Defendant fired Ms. Gregory in retaliation for her pursuit of benefits she was entitled to under the North Carolina Workers' Compensation Act.

61. Defendant's actions were a violation of North Carolina's Retaliatory Employment Discrimination Act, as set forth in N.C. Gen. Stat. § 95-241.

62. As a direct and proximate result of Defendant's conduct, Ms. Gregory has suffered and continues to suffer lost wages, loss of earning capacity, and other damages to be proven at trial.

63. Ms. Gregory is entitled to pre- and post-judgment interest, and any other relief the Court may deem just and proper.

64. The conduct, acts, and omissions of Defendant constitute malicious, willful and wanton conduct or were in reckless disregard and indifference to Ms. Gregory's rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby requests the following relief:

1. Judgment for Plaintiff against Defendant on all causes of action contained herein;

2. Award Plaintiff damages, including punitive damages, in an amount to be proved at trial;

3. Tax the costs of this action against Defendant and award Plaintiff reasonable attorneys' fees and costs;

4. Recovery for pre-judgment and post-judgment interest on all amounts awarded herein; and

5. All other relief which this Honorable Court deems just and proper.

This the 26th day of November, 2024.

OSBORN GAMBALE BECKLEY & BUDD PLLC

BY: /s/ JOSEPH D. BUDD
JOSEPH D. BUDD
N.C. Bar No. 44263
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
joe@counselcarolina.com
919.373.6422
Facsimile: 919.578.3733